UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBERTS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KVSP INVESTIGATION SERVICES UNIT, et al.,<br><br>　　　　Defendants. | Case No.: 1:19-cv-01055-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF THE ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 11] |

Plaintiff David Roberts is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's first amended complaint, filed August 22, 2019.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

///

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation. The incidents alleged in the complaint occurred while he was housed at Kern Valley State Prison.

On July 27, 2018, three officers from the Investigation Services Unit ("ISU") took pictures of Plaintiff after he was beaten up by six to seven officers. In the incident, Plaintiff sustained a dislocated jaw, swollen nose, busted lip, fractured cheekbone, broken teeth, gash to his forehead, and bruises all over his body. Although Plaintiff was supposed to receive the photographs after he heard from the district attorney, ISU has not sent him the photographs. Plaintiff believes that "they" are trying to cover up his injuries. Plaintiff seeks monetary damages for trying to cover up evidence of the July 27, 2018 beating.

///

# III.

# DISCUSSION

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. Section 1983 does not provide any substantive rights, but is a statutory vehicle to provide a remedy for a violation of an individual's constitutional and federal rights. Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617-18 (1979); Magana v. Com. of the N. Mariana Islands, 107 F.3d 1436, 1442 (9th Cir. 1997), as amended (May 1, 1997). To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185.

There is no *respondeat superior* liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Here, Plaintiff alleges that the three officers are trying to cover up the injuries that he sustained during the July 27, 2018, incident. However, the only allegations regarding these officers in the complaint are that they investigated the incident and took pictures of Plaintiff. Plaintiff has failed to allege any facts by which that Court can reasonably infer that these officers violated Plaintiff's federal rights. In addition, there is no support for Plaintiff's claim that he has a due process right to receive a copy of the photographs. See Mancilla v. Biter, No. 1:13-cv-01724-BAM-HC, 2013 WL 6070417, at *6 (E.D. Cal. Nov. 18, 2013) ("there is no legal requirement under federal law that the prison authorities produce any specific evidence" at a prison disciplinary hearing); Crismond v. Sandon, No. CV 12-3572-ODW (VBK), 2013 WL 1759924, at *7 (C.D. Cal. Mar. 26, 2013) ("The Supreme Court has never recognized a due process right to the preservation and testing of physical evidence in the prisoner disciplinary context."); White v. Superintendent, No. 3:13 CV 300, 2013 WL 6512671, at *3 (N.D. Ind. Dec. 11, 2013) ("The hearing officer was not required to produce physical evidence to support the charge…."); see also Lasko v. Holt, 334 Fed. Appx. 474, 476 (3d Cir. 2009) ("Notably

absent from the *Wolff* list of due process rights is a prisoner's right to review all potentially inculpatory evidence prior to the disciplinary hearing…."); Napier v. Swarthout, No. 2:12-cv-1521-JAM-DAD P, 2014 WL 1839129, at *10 (E.D. Cal. May 8, 2014).

Plaintiff states that ISU has not sent him the photographs, but "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007); see also Yakama Indian Nation v. State of Washington, 176 F.3d 1241, 1245 (9th Cir. 1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996). Section 1983 did not abrogate Eleventh Amendment immunity. Carmen v. San Francisco Unified Sch. Dist., 982 F.Supp. 1396, 1403 (N.D. Cal. 1997), aff'd, 237 F.3d 1026 (9th Cir. 2001) (citing Quern v. Jordan, 440 U.S. 332, 341–42 (1979) and Alabama v. Pugh, 438 U.S. 781, 781–82 (1978)). Additionally, section 1983 applies to "persons" acting under color of state law and the Supreme Court has held that government entities are not "persons" under section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Plaintiff cannot bring a suit for monetary damages against the ISU.

To the extent that Plaintiff may be attempting to allege a cover-up of any excessive force used during the July 27, 2017 incident, such a claim would allege accessory after the fact liability for excessive force and the court is not aware of any cases recognizing this sort of liability for a constitutional violation. See Hutchinson v. Grant, 796 F.2d 288, 291 (9th Cir. 1986) (municipality's alleged cover up to excuse arrest of plaintiff could not impose liability for the incident); Lang v. Cty. of Sonoma, No. C12-0983 TEH, 2012 WL 4674527, at *3 (N.D. Cal. Oct. 2, 2012) (no authority for after the fact accessory liability in Fourth Amendment claim); Mackey v. Cty. of San Bernardino, No. ED CV 09-1124-GW SP, 2012 WL 5471061, at *14 (C.D. Cal. Sept. 28, 2012), report and recommendation adopted, No. ED CV 09-1124-GW SP, 2012 WL 5465857 (C.D. Cal. Nov. 9, 2012) (after-the-fact conduct of covering up shooting would be insufficient to make officer liable for either an excessive force or a deliberate indifference violation).

The Ninth Circuit has recognized a claim under section 1983 based on allegations that police officers conspired to cover-up the true facts of what occurred in Delew v. Wagner, 143 F.3d 1219, 1222 (9th Cir. 1998). The court held that allegations were sufficient to allege a conspiracy to deprive

4

the plaintiffs of their right to access the court. Delew, 143 F.3d at 1223. To state a claim based on an alleged cover-up requires the plaintiff to show that the cover-up deprived him of his access to the court by causing him to fail to obtain redress for a violation that was the subject of the cover-up. Hullings v. Johnson, No. EDCV 13-2320-R JEM, 2014 WL 2931348, at *4 (C.D. Cal. June 30, 2014) (citing Delew, 143 F.3d at 122-23 and Karim–Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir.1988)).

To state a claim, a plaintiff must show that the cover-up actually precluded him from prevailing in a state or federal lawsuit against the wrongdoers. Delew, 143 F.3d at 1222–23. Accordingly, courts find that a cover-up claim is premature when the plaintiff's action seeking redress for the underlying violations remains pending. Hullings, 2014 WL 2931348, at *4; see Delew, 143 F.3d at 1223 (because the action was still pending it was impossible to determine whether this has occurred); Karim–Panahi, 839 F.2d at 625 (claim alleging police cover-up of misconduct was premature when action challenging misconduct was pending).

The Court takes judicial notice that Plaintiff has filed an action based on the July 27, 2017 incident. See David Nathaniel Roberts v. Sgt. Huckleberry, No. 1:18-cv-01237-SAB (PC) (E.D. Cal.),[1] (ECF No. 20). Currently, there is a findings and recommendations pending recommending dismissing the action for failure to state a claim. (Id. at ECF No. 35.) To the extent that Plaintiff could allege that the dismissal of that action was the basis of his cover-up claim he would fail to state a claim. While the action may ultimately be dismissed based on the findings and recommendations, he cannot show that failing to provide him with the pictures of his injuries caused the dismissal of the action. The recommendation to dismiss in Roberts v. Huckleberry is based on the fact that Plaintiff has failed to allege sufficient facts to state a cognizable claim against any named defendant. (Id. at pp. 4-6.) Plaintiff cannot show that the dismissal of this action was caused by the alleged cover-up as it is clearly due to Plaintiff's failure to allege sufficient facts to state a cognizable claim.

///

---

[1] Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

5

## V.

## CONCLUSION AND RECOMMENDATIONS

For the reasons discussed herein, Plaintiff fails to state a cognizable constitutional claim for relief. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a constitutional claim for relief, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed for failure to state a cognizable claim for relief; and
2. The Clerk of Court be directed to terminate this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///
///
///
///
///
///

specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**August 27, 2019**__

_____
UNITED STATES MAGISTRATE JUDGE